\*GILBERT *against* EDEN AND EDEN.     [\*280]

Where there is color for the allegation that a bond on which a judgment has been entered up on a warrant of attorney, is usurious, the court will award a feigned issue to try the fact.

WORTMAN, for the defendants, moved to set aside the judgment in this cause, and the warrant of attorney on which it was entered, on the ground of usury. He read several affidavits to prove the usury. He cited 4 Term Rep. 500. 3 Bro. C. C. 603, 604. 2 Ves. jun. 154. Plowd. on Usury, 149.

*Hoffman,* Attorney General, *B. Livingston* and *Pendleton,* contra.

*Hamilton* and *Spencer,* for the defendants, replied.

*Per Curiam.* From the affidavits which have been read, it appears that the bond was usurious; but the court are not to judge of the *credibility* of witnesses. As there is color, at least, for the allegation of usury, the proper course is to award a feigned issue to try the fact. (Barnes, 52, 277. Cowp. 727. 1 Bos. & Pull. 270.) Let a feigned issue be awarded.(*a*)

(*a*) 3 Johns. Rep. 139, 142, 250. See Kelly on Usury, ed. 1835, p. 82; Ord on Usury, ed. 1809, p. 95.